IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

SHAQUAN M. JOHNSON,

                Plaintiff,

v.

FNU VILLAR, et al.,

                Defendants.

Case No. 3:25-cv-00052-SLG

**SCREENING ORDER AND ORDER DIRECTING SERVICE & RESPONSE**

On March 17, 2025, self-represented prisoner Shaquan M. Johnson ("Plaintiff") filed a civil complaint. The Court has now screened the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is a prisoner in the custody of the Alaska Department of Corrections ("DOC"). Plaintiff's Complaint alleges that on or about January 4, 2025—while Plaintiff was on furlough[1] at the Parkview Center—he was assaulted by three Re-Entry Security Monitors employed at Parkview.[2] Plaintiff identifies these three individuals only by their last names but has tried to discern their full names.[3] In Claims 1-3, Plaintiff describes

---

[1] A furlough placement is an authorized leave of absence from actual confinement designed to facilitate the reintegration of a prisoner into society. *State v. Felix,* 50 P.3d 807 (2002). *See also* Alaska Stat. §§ 33.30.901, 33.30.111.

[2] The GEO Group is a private company that provides in-custody treatment programs and reentry services to prisoners before their release back into the community. Parkview Center in Anchorage—operated by GEO Group—is a community residential center funded through contracts between GEO Group and the Alaska Department of Corrections. *See* In-Custody Treatment Services, GEO Reentry Services, https://www.geogroup.com/in-custody-treatment-services.

[3] *See* Docket 1-1 at 8 (DOC Request for Information form dated 2/11/25 in which Plaintiff requested the full names of the three Parkview security staff members, and a DOC employee

the alleged actions of each of the three defendants involved in the assault—Villar, Suani, and Faletoi—respectively.[4] In Claim 4, Plaintiff alleges that on or about January 14, 2025, ten days after the alleged assault on his person, he was removed from furlough and transferred back to the Goose Creek Correctional Center ("GCCC"), where he is still incarcerated.[5] For relief, Plaintiff seeks $75,000 in damages, $400,000 in punitive damages, an order requiring Defendants to produce the full names of the three Parkview staff named as defendants, and a declaration about DOC's policies regarding disciplinary and classification hearings.[6]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Accepting the facts as alleged in the Complaint as true and construing the claims in the light most favorable to Plaintiff—as the Court must at the screening stage[7]—the Complaint alleges sufficient facts, that state a plausible claim under the Eighth Amendment against Defendants Villar, Suani, and Faletoi. However, for the reasons explained below, Claim 4 is DISMISSED.

---

responded that they do not have that information).

[4] Docket 1 at 3-5.

[5] Docket 1 at 11.

[6] Docket 1 at 10.

[7] *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam)); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted) (holding that a federal court must accept the allegations as true, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor).

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 2 of 18
Case 3:25-cv-00052-SLG    Document 4    Filed 08/04/25    Page 2 of 18

The Court's finding that Plaintiff may proceed without prepaying the Court's fees and costs in this action entitles him to service of process by the U.S. Marshal Service, pursuant to 28 U.S.C. § 1915(d). This means that his case will not be summarily dismissed at this time but may proceed to the next stage of litigation. The Court has jurisdiction under 28 U.S.C. § 1331.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[8] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[9]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[10] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or

---

[8] 28 U.S.C. §§ 1915, 1915A.

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 3 of 18
Case 3:25-cv-00052-SLG    Document 4    Filed 08/04/25    Page 3 of 18

unwarranted deductions of fact.[11] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[13]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[14] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[15]

## DISCUSSION

### I.     Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or

---

[11] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[13] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[14] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 4 of 18
Case 3:25-cv-00052-SLG     Document 4     Filed 08/04/25     Page 4 of 18

federal statutes.[16] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[17] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[18] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[19]

## II. Plaintiff may proceed on Claims 1-3

Liberally construed, the Complaint contains sufficient facts to state a plausible claim against Defendants Villar, Suani, and Faletoi. Although Parkview is owned and run by the GEO Group, a private, for-profit firm, the function it performs—custody and supervision of inmates—is a traditional state function such that its employees are deemed to be state actors.[20] Therefore, Plaintiff may proceed on his claims against these three defendants.

Plaintiff is entitled to service of the summonses and complaint by the U.S.

---

[16] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[17] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[18] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[19] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[20] *See Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 71 n.5 (2001) ("[P]risoners ... already enjoy a right of action against private correctional providers under 42 U.S.C. § 1983."). *See also* 22 AAC 05.300 ("Community residential centers will, in the commissioner's discretion, be contracted for and used for the placement of prisoners on a prerelease furlough…"); 22 AAC § 05.121(j)(12) (clarifying that a prisoner released on furlough is still within the custody of DOC and subject to the department's supervision).

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 5 of 18
Case 3:25-cv-00052-SLG   Document 4   Filed 08/04/25   Page 5 of 18

Marshal Service pursuant to 28 U.S.C. § 1915(d). Plaintiff is responsible for providing the Marshal with the necessary information to effectuate service, but the Marshal is tasked with carrying out the service.[21] Although the Court recognizes the challenges faced by incarcerated litigants, it remains Plaintiff's responsibility to make reasonable efforts to identify each defendant. When a plaintiff provides only a defendant's last name, service may be possible when the name is unique and the employing agency (such as a correctional facility) is able to determine the individual's identity.[22] However, neither the Court nor the Marshal is required to undertake investigations on a plaintiff's behalf. If a plaintiff does not have a defendant's full name or current address, he must pursue other means of obtaining that information. Failure to provide adequate information or to take steps to correct deficiencies in service may result in dismissal of the action.[23]

In the alternative, Plaintiff may elect to pursue service on each defendant without the assistance of the Marshals in any manner compliant with Rule 4 of the Federal Rules of Civil Procedure. If Plaintiff elects this alternative, Plaintiff shall file a notice with the Court **within thirty (30) days from the date of this order**,

---

[21] Fed. R. Civ. P. 4(c)(3).

[22] *See also* Alaska R. Civ. P. 4 and related commentary; *State, Dep't of Corr. v. Heisey*, 271 P.3d 1082, 1090 (Alaska 2012) (noting plaintiff's obligation to reasonably assist in identifying and locating defendants).

[23] Fed. R. Civ. P. 4(m). *See also Puett v. Blandford,* 912 F.2d 270, 275 (9th Cir. 1990); *Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds.

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 6 of 18
Case 3:25-cv-00052-SLG   Document 4   Filed 08/04/25   Page 6 of 18

notifying the Court that Plaintiff will not be using the U.S. Marshal Service to serve Defendants.

### III. Claim 4 must be DISMISSED

In Claim 4, Plaintiff alleges that John Doe, an unnamed DOC employee, violated his due process rights. After Plaintiff was allegedly assaulted, he claims he received a write-up at Parkview and was remanded back to GCCC. Plaintiff claims he did not have a disciplinary hearing regarding the write-up he received at Parkview, but he was terminated from his furlough after a reclassification hearing.[24] Plaintiff also claims he was prevented from appealing the hearing decision terminating his furlough placement. In the included DOC records, Plaintiff was informed he was scheduled for a hearing regarding the termination of his furlough placement.[25] Plaintiff also filed a copy of a DOC Request for Interview ("RFI") form in which a DOC employee wrote that the hearing decision regarding Plaintiff's furlough termination placement "is not appealable[, but that he] may reapply 90 days after [his] return date."[26]

Under state law, a prisoner returned to actual state confinement from a prerelease furlough placement must be granted a hearing before the classification committee to determine whether the furlough is to be terminated or continued.[27] A

---

[24] Docket 1 at 7; Docket 1-1 at 1.

[25] Docket 1-1 at 6.

[26] Docket 1-1 at 1.

[27] 22 AAC 05.335(e).

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 7 of 18
Case 3:25-cv-00052-SLG   Document 4   Filed 08/04/25   Page 7 of 18

prisoner may also be subject to disciplinary sanctions, but DOC may elect instead only to evaluate whether furlough should be terminated.[28]

Furlough eligibility and termination decisions are administrative matters tied to custody classifications. Reclassification hearings[29] and furlough termination hearings[30] within the Alaska DOC are generally considered administrative matters that do not require the same procedural safeguards required in disciplinary hearings.[31] The Alaska Supreme Court has held that prisoners do not have a federally created liberty interest in furlough release, such that the denial or revocation of furlough does not violate federal due process rights.[32] Therefore, Plaintiff cannot state a plausible federal claim for relief with regard to the furlough revocation, and the Court finds that amendment would be futile because no additional facts could be pleaded to state a claim.[33] Therefore, Claim 4 must be DISMISSED.

---

[28] *Id.*

[29] Reclassification hearings are administrative proceedings conducted to review a prisoner's custody level, eligibility for programs such as electronic monitoring or furlough, and rehabilitative needs. These hearings occur approximately yearly, before release, or at the discretion of the superintendent. *See* 22 AAC 05.212.

[30] 22 AAC 05.335.

[31] DOC internal hearings differ in purpose and procedural requirements, with varying levels of due process protections based on the nature and consequences of the hearing. Disciplinary hearings provide the most robust protections, while reclassification and furlough-related hearings are primarily administrative with limited procedural safeguards. *See Department of Corrections v. Stefano*, 516 P.3d 486 (2022).

[32] *Hertz v. Macomber,* 297 P.3d 150 (2013) (holding that inmates do not have a federally created interest in furlough release protected by the federal constitution); *see also Sandin v. Conner*, 515 U.S. 472 (1995).

[33] *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 8 of 18
Case 3:25-cv-00052-SLG   Document 4   Filed 08/04/25   Page 8 of 18

**IT IS THEREFORE ORDERED:**

1. The Complaint has been screened pursuant to 28 U.S.C. § 1915(e)(2)(B). Liberally construed, the Complaint contains sufficient facts, that, if accepted as true, state a plausible claim for relief under the Eighth Amendment against Defendants Villar, Suani, and Faletoi.

2. Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or failing to pursue a case may result in the dismissal of this action.

3. **Claim 4 is DISMISSED without leave to amend.**

4. Plaintiff's application to proceed without prepaying the filing fee at **Docket 2 is GRANTED.**

5. While federal law allows litigants to commence a civil action without prepaying the fees, prisoner plaintiffs remain obligated to pay the entire fee in "increments" or "installments," until the entire $350 statutory filing fee is paid, regardless of the outcome of the action.[34] The Court will issue a separate order on the collection of the filing fee.

6. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his

---

[34] 28 U.S.C. § 1915. *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (The $55 administrative fee for filing a civil action, suit, or proceeding in a district court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915.").

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 9 of 18
Case 3:25-cv-00052-SLG   Document 4   Filed 08/04/25   Page 9 of 18

release, either (1) pay the unpaid balance of the filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[35] Failure to comply may result in dismissal of this action.

7. The Court's finding that Plaintiff may proceed in forma pauperis in this action entitles him to service of process by the U.S. Marshal Service, pursuant to 28 U.S.C. § 1915(d). The U.S. Marshal Service fee may be taxed as costs in this case, pursuant to 28 U.S.C. §§ 1920(1) and 1921(a)(1)(A) and included in the judgment. Plaintiff shall file a notice with the Court **within 30 days of the date of this order** if he elects to effect service by means other than the U.S. Marshal Service, in which event, the sections of this order regarding service by the U.S. Marshal Service detailed below shall not apply. Rather, Plaintiff should complete the summons and send them to the Clerk of Court to be issued; if properly completed, they will then be returned to Plaintiff to effect service.

8. Plaintiff shall proceed with the steps outlined in this order to ensure that service of process on each of the defendants is completed **no later than ninety (90) days from the date of this order**.[36] This means that no later than 90 days from the date of this order, Plaintiff must complete initial service of the

---

[35] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[36] *See* Fed. R. Civ. P. 4(m).

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 10 of 18
Case 3:25-cv-00052-SLG   Document 4   Filed 08/04/25   Page 10 of 18

Complaint and Summons on each of the three defendants. All service shall be made in a manner authorized by Rule 4 of the Federal Rules of Civil Procedure.

9. The Clerk of Court shall provide **three summons forms** and **three U.S. Marshals Service Process Receipt and Return forms (USM-285)** to Plaintiff with this order.

10. To complete each summons form properly, Plaintiff must include all of the following on the form:

   a. At the top each form, above "SUMMONS IN A CIVIL ACTION," enter the information as found on the first page of this order:

      i. the name of the Court (at the very top middle of the page, after "United States District Court for the District of Alaska"); and

      ii. the parties' complete full names (above Plaintiff(s) v. Defendant(s), respectively); and

      iii. the case number, after "Civil Action No."

   b. As to who the summons is "To," Plaintiff should complete one summons for each defendant. Plaintiff should write the full name and mailing address for each defendant, if known.

   c. After the paragraph ending, "The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are" on the summons form, enter the name and the address of the address at which any answer or motion should be served on Plaintiff.

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 11 of 18
Case 3:25-cv-00052-SLG   Document 4   Filed 08/04/25   Page 11 of 18

If Plaintiff retains an attorney, that attorney's name and address information should be entered here. If Plaintiff continues to be self-represented, then his mailing address should be entered.

d. To complete each USM-285 form properly, Plaintiff must include all of the following:

   i. <u>the parties' complete full names</u> (below Plaintiff(s) v. Defendant(s), respectively);

   ii. <u>the case number</u>, after "Court Case Number";

   iii. <u>each defendant's full name and address</u>, in the "Serve At" section;

   iv. <u>Plaintiff's address</u>, in the Send Notice of Service Copy section;

   v. <u>number of process to be served</u> (will be 1 per form) and <u>number of parties of parties in this case</u> (total of defendants named);

   vi. <u>his signature as the plaintiff, along with his phone number, and the date</u>.

e. After Plaintiff completes the required forms, he should mail (1) each of the completed summons forms; (2) each of the U.S. Marshal's Service of Process Receipt and Return (USM-285) forms; (3) three copies of the complaint to the Court at the following address; and (4) three copies of this order to:

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 12 of 18
Case 3:25-cv-00052-SLG   Document 4   Filed 08/04/25   Page 12 of 18

U.S. District Court
222 West 7th Avenue, #4
Anchorage, Alaska 99513

If the summonses have been properly completed, they will then be issued by the Clerk of Court for service.

f. After issuing the summons(es), the Clerk of Court must send the completed summons forms, completed USM-285 forms, the required copies of the First Amended Complaint, and copies of this Order to:

United States Marshal Service
222 West 7th Avenue, Box 28
Anchorage, Alaska 99513

**11. The U.S. Marshal shall then take all reasonable steps to promptly effect service in this case.[37]**

12. If service by registered or certified mail is unsuccessful, the Marshal shall attempt to personally serve each defendant.

13. After each of the defendants have been served the Marshal must provide the Court with proof of service by submitting an affidavit.[38]

14. In the event the U.S. Marshal Service is unable, for any reason whatsoever, to effect service, the Marshal is directed to file a declaration or affidavit with the Court that describes his efforts to serve each defendant and reasons for the lack of success to effect service.

---

[37] Fed. R. Civ. P. 4(c)(3) (providing "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]").

[38] Fed. R. Civ. P. Rule 4(l)(1).

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 13 of 18
Case 3:25-cv-00052-SLG   Document 4   Filed 08/04/25   Page 13 of 18

15. The requirements of service are not completed until the proof of service has been submitted to the Court within ninety (90) days of this order.

16. Defendants shall provide their full names in the caption of an answer or other response to the Complaint.

17. All future papers sent to the Court must be identified with the name of the Court, the case number, the name of the Plaintiff and names of the Defendants, and the title of the document, as illustrated on the first page of this order.[39]

18. Self-represented litigants must file all documents conventionally, unless otherwise permitted by an order of the Court.[40] Conventional filing means the original paper documents are provided to the Clerk's office either in person or by mail.[41] All documents filed conventionally must contain an original signature. If filing by mail, the documents must be mailed to the Court at the following address:

> U.S. District Court
> 222 West 7th Avenue, #4
> Anchorage, Alaska 99513

19. When a litigant mails a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that

---

[39] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

[40] *See* Federal Rules of Civil Procedure, including Fed. R. Civ. P. 5, 5.2, and 6, and Local Civil Rules 5.3, 7.3, 7.5, and 79.2(c).

[41] Local Civil Rule 1.1(b)(5).

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 14 of 18
Case 3:25-cv-00052-SLG    Document 4    Filed 08/04/25    Page 14 of 18

document was filed on the docket and the docket number of the document in the electronic case file for the case.

20. Only registered attorneys are permitted to file electronically using the Court's Case Management/Electronic Case Filing System ("CM/ECF System"). However, self-represented litigants are not required to conventionally serve a copy of their filings on a party who is already receiving electronic service.

21. After an appearance has been entered by counsel for any Defendant, the Court's NEF constitutes service of the filed document on all registered CM/ECF users in this case.

22. Parties who are not registered CM/ECF users and all self-represented parties must be served conventionally.

23. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

24. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.[42] Litigants and members of the public may also print information from the Court's docket using the public computer terminal

---

[42] Alaska Local Civil Rule 79.2(b).

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 15 of 18
Case 3:25-cv-00052-SLG    Document 4    Filed 08/04/25    Page 15 of 18

located in the Clerk's Office for 10 cents per page. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced.

25. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[43] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

26. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to a case. Self-represented litigants may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources. Please note that Clerk's Office staff are prohibited by law from providing legal advice.

27. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all

---

[43] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 16 of 18
Case 3:25-cv-00052-SLG    Document 4    Filed 08/04/25    Page 16 of 18

Court orders.[44] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

28. With this order, the Clerk is directed to send: (1) form PS23, Notice of Change of Address; (2) three copies of form AO440, Summons in a Civil Action; and (3) three copies of form USM-285 (United States Marshals Service Process Receipt and Return).

29. The Clerk shall send a copy of this order to the U.S. Marshal for the District of Alaska.

DATED this 4th day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[44] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; District of Alaska's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 17 of 18
Case 3:25-cv-00052-SLG    Document 4    Filed 08/04/25    Page 17 of 18

Case No. 3:25-cv-00052-SLG, *Johnson v. Villar, et al.*
Screening Order and Order Directing Service & Response
Page 18 of 18
Case 3:25-cv-00052-SLG     Document 4     Filed 08/04/25     Page 18 of 18